**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY**

| | | |
|---|---|---|
| WILLIAM LOGAN, JR., | : | |
| INDIVIDUALLY AND MERCEDES | : | |
| LOGAN, INDIVIDUALLY | : | |
|     Plaintiffs | : | |
| | : | CIVIL CASE NO. |
| v. | : | |
| | : | |
| DOLLAR GENERAL, DOLLAR | : | |
| GENERAL CORPORATION, JOHN | : | |
| DOE, MARY DOE, ABC | : | |
| PARTNERSHIPS AND XYZ | : | **NOTICE OF REMOVAL** |
| CORPORATIONS, JOINTLY, | : | |
| SEVERALLY AND IN THE | : | |
| ALTERNATIVE | : | |
|     Defendants | : | |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY**

**ON NOTICE TO:**
Joseph E. Sayegh, Esquire
GMS Law
Goldenberg Mackler Sayegh Mintz Pfeffer Bonchi Gill
1030 Atlantic Ave.
Atlantic City, NJ 08401
*Attorney for Plaintiffs*

PLEASE TAKE NOTICE that Dollar General Corporation (hereinafter "Removing Defendant") hereby removes this action to this Federal Court pursuant to 28 U.S.C. §1332, 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this Notice of Removal, Removing Defendant respectfully submits as follows:

1.      On or about March 30, 2022 Plaintiffs filed a Complaint sounding in premises liability/negligence in the Superior Court of New Jersey, Law Division, Atlantic County styled *William Logan, Jr. Individually and Mercedes Logan, Individually v. Dollar General, Dollar*

*General Corporation, John Doe et al.,* Docket No. ATL-L-0964-22.  A copy of the Complaint is attached and marked as Exhibit "A."

2.      The Superior Court of New Jersey, Atlantic County, is located within the District of the United States District Court for the District of New Jersey.

3.      This Court has jurisdiction pursuant to 28 U.S.C. Section 1332 in that the true parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.      Plaintiffs have alleged that as a result of the negligence of the Defendant, William Logan was "thrown to the floor suffered severe and painful bodily injuries which necessitated obtaining medical treatment;. .. pain and suffering;. . . incapacitated from pursuing usual employment and other activities; and is left with permanent disabilities that will similarly incapacitate plaintiff . ."  Exhibit "A" at ¶ 14.

5.      Plaintiffs' allegations of "severe and disabling bodily injuries" will alert a defendant that an amount in excess of the jurisdictional threshold is at issue.  See Peters v. Stop & Shop, 2013 WL 5781199 (D.N.J. 2013) ); Carroll v. United Airlines, Inc., 7 F. Supp. 516, 521, 522 (D.N.J. 1998).

6.      Plaintiffs are alleged to be adult individuals who reside at 469 S. Quince Avenue, Galloway Township, New Jersey and thus are, upon information and belief, domiciled and citizens of the State of New Jersey in accordance with 28 U.S.C. Section 1332.  See Exhibit "A."

7.      Dolgencorp, LLC is the operator of the subject retail premises doing business as "Dollar General" and thus the only proper party to this litigation.  "Dollar General" is a trade/brand name.

8.      Dolgencorp, LLC is a single member, manager managed, limited liability company organized under the laws of Kentucky with its principle place of business in Tennessee and, therefore, citizens of those states in accordance with 28 U.S.C. §1332.

9.      Dolgencorp, LLC's single member is Dollar General Corporation which is an entity incorporated with its principal place of business in Tennessee and, therefore, a citizen of that state in accordance with 28 U.S.C. §1332.

10.     "Dollar General" is a trade name and a non-jural entity.

11.     It is "deeply ingrained in our economic and legal systems that a parent corporation … is not liable for the acts of its subsidiaries." Pearson v. Component Tech. Corp., 247 F.3d 471, 484 (3d Cir.2001).

12.     Diversity exists as to the proper defendant (Dolgencorp, LLC) as well as to the named defendant (Dollar General Corporation).  See 28 U.S.C. §1332(a)(2); Moore's Federal Practice § 107.14(2)(c) ("a federal district court has original jurisdiction of all civil actions in which the amount in controversy is satisfied and the action is between citizens of the state and citizens or subjects of a foreign state.  This judicial power has often been referred to as alienage jurisdiction.")

13.     Removal is timely pursuant to 28 U.S.C. Section 1446(b)(3) in that this petition is being filed before Defendant has received proper Notice of Process and determined the amount in controversy was in excess of $75,000.

14.     Pursuant to 28 U.S.C. Section 1446(a), a copy of all process, pleadings and orders that have transpired in the State Court have been attached as Exhibits "A."

15.     In compliance with 28 U.S.C. Section 1446(d), Defendant shall promptly serve the Superior Court of New Jersey, Atlantic County, Law Division with a docketed copy of the within Petition for Removal.

WHEREFORE, the Removing Defendant hereby gives notice that the above action, now pending against them in the Superior Court of New Jersey, Atlantic County, is removed to the United States District Court for the District of New Jersey.

## LOCAL CIVIL RULE 11.2

I, Matthew T. Pisano, Esquire hereby certify pursuant to Local Civil Rule 11.2, that the above captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**PISANO LAW FIRM**

By:     _____

Matthew T. Pisano, Esquire (MP8104)
Attorney for Defendant

Dated: 5|5|2022