# EXHIBIT A

Joseph E. Sayegh, Esq., Attorney I.D.: 023881977
GOLDENBERG, MACKLER, SAYEGH,
MINTZ, PFEFFER, BONCHI & GILL
A Professional Corporation
1030 Atlantic Avenue
Atlantic City, N.J. 08401
609-344-7131
Attorneys for Plaintiff(s)

| | |
|---|---|
| William Logan, Jr., Individually and Mercedes Logan, Individually,<br><br>Plaintiffs,<br><br>-vs-<br><br>Dollar General, Dollar General Corporation, John Doe, Mary Doe, ABC Partnerships and XYZ Corporations, jointly, severally, and in the alternative,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |

Plaintiffs, William Logan, Jr. and Mercedes Logan, residing at 469 S. Quince Avenue, in the Township of Galloway, County of Atlantic and State of New Jersey, by way of Complaint against the defendant(s) says:

FIRST COUNT

1. On or about 8/28/20, the plaintiff, William Logan, Jr., was a lawful patron at the Dollar General, located at 247 E. White Horse Pike, in the Township of Galloway, County of Atlantic and State of New Jersey, and which is owned and/or operated by defendant(s), Dollar General and/or Dollar General Corporation and/or John Doe, Mary Doe, ABC Partnerships and/or XYZ Corporations. The defendant(s) their agents, servants, and representatives did have the duty to supervise and maintain said property so as to avoid injury to the plaintiff.

2. At the aforementioned time and place, the plaintiff, was caused to fall and become injured on the defendant's property.

3. The defendant(s) through their agents, representatives, and/or employees were negligent in breaching their duty to the plaintiff to use ordinary care and diligence to design, build, keep, and maintain the said premises in a condition reasonably safe for its intended uses, free of all defects and conditions which would render it dangerous and

unsafe for the plaintiff or present an unreasonable risk of harm to the plaintiff in the use of said premises.

4. The defendant(s) through their agents, representatives, and/or employees were further negligent in breaching their duty to exercise reasonable care to protect the plaintiff by inspection and other affirmative acts from the danger of a reasonably foreseeable injury occurring form the use of the premises in question.

5. The defendant(s) through their agents, representatives, and/or employees were further negligent in breaching their duty to the plaintiff to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for the plaintiff and free from defects and conditions rendering it unsafe.

6. The aforesaid act or occurrence was the result of the general negligence and carelessness of the defendant(s) and the nuisance that was created and/or maintained and/or adopted by the defendant(s).

7. The defendant(s) were further negligent and careless by failing to have proper and suitable lighting, signals, guards, coverings and warnings that would have alerted the plaintiff and other members of the traveling public to the aforesaid dangerous and unfit condition.

8. The defendant(s) were further negligent and careless in failing to warn the plaintiff and other members of the traveling public in a timely and proper manner of the aforesaid dangerous condition.

9. The defendant(s) through their agents, representatives and employees, were on notice or should have been on notice that unless vigilance was used, slippery and/or dangerous substances would accumulate on the floor and would endanger the safety of persons walking on said floor.

10. The defendant(s) were further negligent and careless in permitting the slippery and/or dangerous substance in question to accumulate and lay on the floor of said establishment in spite of the defendant(s), through their agents, representative and/or employees, having notice of said slippery and/or substance.

11. The defendant(s) through their agents, representatives and/or employees were further negligent and careless in failing to properly maintain the floors, ground surface, at the scene of the accident in a clean and safe condition for the general public.

12. The aforesaid acts of negligence on the part of the defendant(s) combined and concurring, were the proximate cause of the injuries sustained by the plaintiff as herein alleged.

13. The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible in whole or in part for the causation of the aforesaid accident. For the purposes of the within Complaint, said individuals and business entities have been nominated as JOHN DOE, MARY DOE, ABC PARTNERSHIPS and XYZ CORPORATIONS. The plaintiff pursuant to the Rules of Court for the State of New Jersey, reserve(s) the right to amend the within Complaint relative to additional defendants when and if the identity of said individuals or business entities becomes known.

14. As a result of the aforesaid accident, the plaintiff was thrown to the floor; suffered severe and painful bodily injuries which necessitated obtaining medical treatment; was caused pain and suffering; was incapacitated from pursuing usual employment and other activities; and is left with permanent disabilities that will similarly incapacitate the plaintiff, caused the plaintiff pain and suffering and required medical treatment.

WHEREFORE, the plaintiff demands judgment against the defendant(s) for damages, interest, attorneys' fees and costs of suit as the Court may deem just and equitable.

## SECOND COUNT

1. Plaintiffs repeat and incorporate each and every allegation of the First Count as if same were fully set forth herein at length.

2. Plaintiff, Mercedes Logan, is the wife of plaintiff, William Logan.

3. As a result of the injuries suffered by his wife as aforesaid, plaintiff, Mercedes Logan, has and will, in the future, suffer the loss of the usual services and consortium of her spouse and has been required to provide special services and care to him.

WHEREFORE, plaintiffs demand judgment against the defendants for damages, interest, costs of suit, attorneys fees, and such other relief as the court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand trial by a jury on all issues herein.

## DEMAND PURSUANT TO RULE 4:17-1 (b)(ii)

Plaintiffs demand answers to Form C Uniform Interrogatories in lieu of service of the Interrogatories themselves.

## CERTIFICATION UNDER RULE 4:5-1

I, JOSEPH E. SAYEGH, ESQUIRE, hereby certify, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court of the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true to my personal knowledge. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment for perjury.

Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill
Attorney for Plaintiff(s)

By: _____
JOSEPH E. SAYEGH, ESQ.

Dated: 3/22/22

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-000964-22**

**Case Caption:** LOGAN, JR. WILLIAM VS DOLLAR GENERAL
**Case Initiation Date:** 03/22/2022
**Attorney Name:** JOSEPH E SAYEGH
**Firm Name:** GOLDENBERG MACKLER SAYEGH ET AL
**Address:** 1030 ATLANTIC AVE
ATLANTIC CITY NJ 08401
**Phone:** 6093447131
**Name of Party:** PLAINTIFF : Logan, Jr., William
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: William Logan, Jr.?** NO

**Are sexual abuse claims alleged by: Mercedes Logan?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/22/2022                                                                                              /s/ JOSEPH E SAYEGH
Dated                                                                                                   Signed